# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>RALPH T. IANNELLI and ESSEX CAPITAL CORPORATION,<br><br>Defendants. | Case No. 2:18-cv-05008-FMO-AFM<br><br>**ORDER REGARDING PRELIMINARY INJUNCTION** |

1  This matter is before the Court on the Plaintiff Securities and Exchange
2  Commission's ("SEC") motion for a preliminary injunction, appointment of a
3  receiver, asset freezes, and other relief ("the motion") against Defendants Ralph T.
4  Iannelli and Essex Capital Corporation ("Defendants") pending trial in this action for
5  alleged violations of the federal securities laws.
6  The Court, having considered the allegations in SEC's Complaint, the motion,
7  and the parties' stipulation for the entry of this proposed order, hereby finds that:
8      A.    This Court has jurisdiction over the parties to, and the subject matter of,
9              this action.
10     B.    It is necessary and appropriate to grant the proposed intervenor's
11             Intervention Motion. Accordingly, Castle Management LLC, Linda
12             Castle-Hill, Judy Foreman, Geoff Grant, Scott Greer, Maureen Harmon,
13             Jeff Henley, Barrett Hilzer, Kemp Foundation, Bill Lawarre, Dwight
14             Lowell, Lowell Family Trust, Terrie Mershon, Kelley Pellegri, John
15             Perry, Kevin Schultz IRA, Maureen Sullivan, Ronald P. Tomsic, Brad
16             Wheatley, Paul Wolansky, and Ciara Murray-Young as Personal
17             Representative of the Estate of Samuel Young (collectively, the
18             "Intervenors") are hereby permitted to intervene in this Action pursuant
19             to Fed. R. Civ. P. 24(a)(2) and 24(b)(1)(B) for the limited purpose of
20             being heard on the topics of any asset freeze and any
21             Receivership/monitor over Defendant Essex.
22     C.    It is necessary and appropriate to appoint a monitor over Defendant
23             Essex and its subsidiaries and affiliates on the terms set forth herein.

## I.

25 IT IS HEREBY ORDERED that, except as otherwise ordered by this Court,
26 Defendants Iannelli and Essex, and their officers, agents, servants, employees,
27 attorneys, subsidiaries and affiliates, and those persons in active concert or
28 participation with any of them, who receive actual notice of this Order, by personal

service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## II.

IT IS FURTHER ORDERED that Defendants Iannelli and Essex, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

### III.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Iannelli and Essex, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined, from the date of this Order until further order of the Court after receipt of the report referenced in Paragraph X hereof, from directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of Defendant Iannelli and Defendant Essex, or its subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of Defendant Essex, and from transferring, encumbering, dissipating, incurring charges or cash advances on any debit or credit card of the credit arrangement of Defendant Iannelli and Defendant Essex, or its subsidiaries and affiliates, except as provided for in Paragraph IV of this Order.

### IV.

IT IS FURTHER ORDERED that Paragraphs III, V, and XII shall not apply to the following transactions:

    A. any individual transaction valued under $25,000 (unless of the type subject to prior approval or notice pursuant to subparagraphs D and F of this paragraph);

    B. any payment or transfer with the prior approval of the monitor appointed under this Order;

    C. any charges incurred on and within the credit limits of Defendant

Iannelli's Mastercard credit card ending in account number 1363;

D. with the prior approval of the monitor appointed under this Order, any payment and transfer to Defendants' creditors and investors on existing loan or other debt obligations, and in any event, there shall not be any payments during the initial 45-day period or until the monitor issues his report;

E. certain payments of Defendant Iannelli, to include mortgage payments, insurance payments, and utilities, not to exceed per month $30,000 for up to forty-five (45) days from the date of this Order (nothing herein precludes Defendant Iannelli from seeking, by application to the Court, reasonable living expenses for periods after the forty-five (45) days from the date of this Order); or

F. any ordinary course payment on currently existing loans from Montecito Bank and Trust collateralized by performing leases on which Defendant Essex is the lessor, as long as Essex provides the monitor appointed under this Order not less than 48 hours advance notice of such payments and any changes to those payments (non-ordinary payments shall be subject to IV.B. above).

## V.

IT IS FURTHER ORDERED that, except as provided in Paragraph IV of this Order or otherwise ordered by this Court, from the date of this Order until further order of the Court after receipt of the report referenced in Paragraph X hereof, an immediate freeze shall be placed on all monies and assets in all accounts at any bank, financial institution or brokerage firm, or third-payment payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendant Essex or Iannelli, including but not limited to the accounts listed in <u>Exhibit A</u> to this Order.

Any bank, financial institution or brokerage firm, or third-party payment

4

processor holding such monies and assets described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets during any asset freeze, except as otherwise ordered by this Court.

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, from the date of this Order until further order of the Court after receipt of the report referenced in Paragraph X hereof , an immediate freeze shall be placed on all real property Defendant Iannelli owns, controls, or a has an ownership interest and it shall not be mortgaged, transferred, or otherwise hypothecated, including, but not limited to, the real property located at (i) 266 Penny Lane, Santa Barbara, CA 93108 and (ii) 257 Central Park West, Apt. 4C, New York, NY, 10024.

## VII.

IT IS FURTHER ORDERED that Defendants Iannelli and Essex, within 10 days of the issuance of this Order, shall prepare and deliver to the SEC and monitor appointed under this Order a detailed and complete schedule of all of their personal assets, including all real and personal property exceeding $10,000 in value, and all bank, securities, and other accounts identified by institution, branch address and account number. If requested by the SEC or the monitor, the accounting shall also include a description of the sources of all such assets. Such accounting shall be provided to the monitor and a copy shall be delivered to the SEC to the attention of Douglas M. Miller and Gary Y. Leung, counsel for the SEC, and to Intervenors to the attention of Brian P. Miller and Michael O. Mena, counsel for the Intervenors. After completion of the accounting, Defendants Iannelli and Essex shall produce to the SEC at a time agreeable to the SEC, all books, records and other documents supporting or underlying their accounting.

## VIII.

IT IS FURTHER ORDERED that any person who receives actual notice of this

Order by personal service or otherwise, and who holds, possesses or controls assets exceeding $10,000 for the account or benefit of Defendants Iannelli or Essex, shall within 5 days of receiving actual notice of this Order provide the monitor, counsel for the SEC, the Defendants, and counsel for the Intervenors with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held.

## IX.

IT IS FURTHER ORDERED that Geoff Winkler is appointed as a monitor ("the monitor") of Defendant Essex and its subsidiaries and affiliates, with the powers set forth herein. The monitor shall be immediately empowered, upon entry of this Order:

    A. to have full, complete and immediate access to the books and records, wherever located, of Defendant Essex, including but not limited to all business and financial records, bank and other financial statements, and all electronic records, wherever located;

    B. to have full, complete, and immediate access to the principals, managers, directors, employees, agents or consultants of Defendant Essex, or anyone else who is otherwise associated with Defendant Essex, including but not limited to Iannelli, to carry out the monitor's duties;

    C. to monitor and oversee the activities of Defendant Essex as set forth herein;

    D. to conduct such investigation as may be necessary to locate and account for all of the assets and liabilities of Defendant Essex; and

    E. to choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the monitor deems advisable or necessary in the performance of his duties and responsibilities under the authority granted by this Order.

**X.**

IT IS FURTHER ORDERED that the monitor shall, within forty-five calendar days of obtaining the records and property set forth in Paragraph X, submit to the Court, with copies to the SEC, the Defendants, and the Intervenors, a written report containing a preliminary accounting for Defendant Essex for the limited purpose of determining the assets and liabilities of Defendant Essex, and a recommendation as to whether the monitorship should be converted to a permanent receivership, whether the monitorship should continue or be expanded, or whether the monitorship should be limited or terminated.

**XI.**

IT IS FURTHER ORDERED that Defendant Essex and its subsidiaries and affiliates, including all of the other entities in monitorship, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in monitorship, shall forthwith give access to such property to Defendant Essex and the monitor.

**XII.**

IT IS FURTHER ORDERED that, as except as specifically permitted in Paragraph X herein, no officer, agent, servant, employee or attorney of Defendant Essex shall take any action or purport to take any action, in the name of or on behalf of Defendant Essex without the written consent of the monitor or further order of this Court.

**XIII.**

IT IS FURTHER ORDERED that, if the monitor is provided with or comes into possession of any assets, funds, monies or other property, the monitor shall establish a separate bank escrow account in the monitor's name at a financial institution to be selected by the monitor to hold such assets. To the extent any such assets, funds, monies or other property are deposited and held in such account, the

monitor shall submit a written report to the Court every two weeks providing an accounting of the holdings of such account.

### XIV.

IT IS FURTHER ORDERED that Defendants Essex and Iannelli, and their officers and agents, shall immediately arrange, through the relevant financial institutions, for the monitor to be designated as a party entitled to receive past and present periodic statements for all bank, depository and brokerage accounts in which they have or had any beneficial interest. To the extent such access currently exists or can be enabled, Defendant Essex and, if deemed necessary in the monitor's sole discretion, Defendant Iannelli, and their officers and agents, shall immediately take any and all steps necessary to provide the monitor with electronic and real-time access to all such bank, depository and brokerage accounts.

### XV.

IT IS FURTHER ORDERED that Defendant Essex and, if necessary, Defendant Iannelli, and their officers and agents, shall immediately arrange, through the relevant persons and/or entities, for the monitor to be designated as a party entitled to receive past and present periodic statements of account from all persons and/or entities used by Defendant Essex to generate funds, receive revenue, pay expenses or disburse cash. To the extent such access currently exists or can be enabled Defendant Essex and, if deemed necessary in the monitor's sole discretion, Defendant Iannelli, and their officers and agents, shall immediately take any and all steps necessary to provide the Monitor with electronic and real-time access to all such accounts.

### XVI.

IT IS FURTHER ORDERED that, aside from any of the other provisions outlined above, the monitor may, at any time, petition the Court to modify the provisions of this Order, including for the purpose of protecting the interests of the parties and the investors, or to allow Defendant Essex to carry out its business under

the monitorship pursuant to the intent and terms of this Order.  The parties may also, in their discretion, petition the Court to modify this Order or to compel compliance with this Order.  Any act or interference in violation of the terms of this Order shall constitute contempt of the Court, and the parties or the monitor may pursue all appropriate relief based on any such contempt.

## XVII.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this monitorship, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors and all other persons or entities seeking relief of any kind, in law or in equity, from Defendants Iannelli and Essex, or its subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group or other person, including sheriffs, marshals, servants, agents, employees and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

    A.    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the SEC or any other action by the government) against any of them;

    B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of Defendants Iannelli and Essex; and

    C.    doing any act or thing whatsoever to interfere with or harass the monitor or his or her attorneys, accountants, employees, or agents or to unduly interfere with the discharge of the monitor's duties and responsibilities hereunder.

### XVIII.

IT IS FURTHER ORDERED that each of the Defendants, and their respective its subsidiaries, affiliates, officers, agents, servants, employees and attorneys, shall cooperate with and assist the monitor and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the monitor or his or her attorneys, accountants, employees or agents, in the conduct of the monitor's duties.

### XIX.

IT IS FURTHER ORDERED that Defendant Essex, and its subsidiaries and affiliates, shall pay the costs, fees and expenses of the monitor incurred in connection with the performance of his or her duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the monitor to assist him or her in carrying out his or her duties and obligations. All applications for costs, fees, and expenses for services rendered in connection with the monitorship other than routine and necessary business expenses in conducting the monitorship, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court. It is agreed that the fees of the monitor for purposes of preparing the initial report referenced in Paragraph X shall include fees the monitor pays to his firm Alvarez & Marsal Disputes and Investigations, as well as any outside attorneys, and shall be capped at $75,000, plus reasonable expenses, subject to the Monitor's right to seek modification of that budget by application to the Court.

### XX.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the monitor. Except for an act of gross negligence, the monitor shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the monitor in connection with the discharge of his or her duties and responsibilities.


**XXI.**

IT IS FURTHER ORDERED that representatives of the SEC are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Defendant Essex, and the other entities in monitorship, and continuing access to inspect their funds, property, assets and collateral, wherever located.

IT IS SO ORDERED.

Dated:  October 1, 2018            /s/  Fernando M. Olguin          .
                                                           UNITED STATES DISTRICT JUDGE