**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Western Division**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

RALPH T. IANNELLI and ESSEX CAPITAL CORPORATION,

Defendants.

Case No. 2:18-cv-05008-FMO-AFM

**DECLARATION OF GEOFF WINKLER IN SUPPORT OF COURT-APPOINTED MONITOR'S 45-DAY REPORT**

I, Geoff Winkler, declare pursuant to 28 U.S.C. § 1746 as follows:

1. On October 1, 2018, the Court appointed me as a monitor of Defendant Essex and its subsidiaries and affiliates and ordered that I conduct an investigation as may be necessary to locate and account for all of the assets and liabilities of Defendant Essex. (Dkt. No. 32.) The Court further ordered that, within forty-five calendar days of obtaining the necessary records and property, I submit to the Court, with copies to the SEC, the Defendants, and the Intervenors, a written report containing a preliminary accounting of Defendant Essex for the limited purpose of determining the assets and liabilities of Defendant Essex, and a recommendation as to whether the monitorship should be converted to a permanent receivership, whether the monitorship should continue or be expanded, or whether the monitorship should be limited or terminated ("the Report"). (*Id.*) I make this declaration in support of the Report.

2. I have personally prepared the Report, which I hereby adopt and incorporate by reference into my declaration as though fully set forth herein.

3. The information contained in the Report is based upon my personal review of documents obtained from the Defendants and other sources; my interviews of and discussions with officers, employees and third parties associated with Defendants; and my work and the work of my staff and professionals in carrying out the duties and obligations of the Monitor under the Court's order appointing me.

4. In addition, the analysis and recommendations contained in the Report are based upon my 25 years in business, including at least 12 years working on monitorship and receivership cases, my Juris Doctorate in Law, and my Master's in Business Administration degree, as well as my certifications as a Certified Fraud Examiner by the Association of Certified Fraud Examiners and Certified Insolvency and Restructuring Advisor by the Association of Certified Insolvency and Restructuring Advisors.

5. As described in detail in the Report, I believe the following key facts are present in this case and need to be addressed immediately:

a. Defendant Essex Capital Corporation ("Essex") is currently insolvent and has been, even according to the Defendants' own records, since at least January 1, 2013;

b. Defendant Essex has participated in Ponzi-like activity by using investor funds to make payments to other investors they were obligated to make; and

c. Defendants Essex and Iannelli have made preferential transfers to a select group of insider investors to the detriment of other investors and did so even after the Plaintiff Securities and Exchange Commission ("SEC") filed its original motion for preliminary injunction and appointment of a receiver, and, if left unchanged, there is a potential for further dissipation of assets.

6. I have conferred with the following interested parties to get their position on the Proposed Order attached to the Report appointing me as a receiver over Defendant Essex:

a. Counsel for the SEC, Douglas M. Miller, stated that he consents to the entry of the Proposed Order;

b. Counsel for Defendants, Jorge deNeve, stated that he consents to the entry Proposed Order based on Defendants' view that the appointment of a receiver will help Defendant Essex's noteholders;[1]

c. Counsel of record for the investors, Brian Miller, who the Court allowed to intervene in this matter on behalf of several investors for the limited purpose of being heard on the topics of any asset freeze and any Receivership/monitor over Defendant Essex, stated that he is unable to express a position on the Proposed Order until after he has had the opportunity to review my Report, but it was unclear to me whether Brian Miller still represents all of the investors the Court ordered be allowed to intervene on October 1, 2018, or if he only continues to represent investors G. Grant and B. Wheatly; and

[1] Mr. deNeve also stated the following in connection with his clients' consent to the Proposed Order: "Defendants were not provided an opportunity to review the Monitor's report prior to its submission to the Court and, therefore, Defendants' consent to the order should not be deemed as acceptance of any of the statements contained in the monitor's report. Defendants further reserve their rights to respond to the report to address any inaccuracies, erroneous statements, or other matters in the report. Further, to the extent that plaintiff proposes to rely on any statement in the report at any hearing or trial, Defendants reserve the right to object or present expert testimony or other evidence to rebut any such statement."

d. Counsel for Granger Management LLC and Daniel Investment Associates, Michael Present and Greg Van Wyk, respectively, both stated that they support the Proposed Order, as evidenced by their letters attached to the Report as Exhibits D and E.[2]

7. Due to the short timelines to pursue potential recovery of these preferential transfers and the potential for further dissipation of assets, I strongly recommend that the Court review and approve the Proposed Order Regarding Preliminary Injunction and Appointment of a Permanent Receiver (the "Proposed Order"), which I attached to my Report as Exhibit C.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of December 2018 in Salem, Oregon.

Geoff Winkler

[2] Daniel Investment Associates served as the investment adviser for at least 11 of the investors the Court allowed to intervene on in its October 1, 2018, who are ostensibly still represented by Brian Miller.

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On December 6, 2018, I caused to be served the document entitled **DECLARATION OF GEOFF WINKLER IN SUPPORT OF COURT-APPOINTED MONITOR'S 45-DAY REPORT** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: December 6, 2018

*/s/ Douglas M. Miller*
DOUGLAS M. MILLER

***SEC v. Ralph T. Iannelli and Essex Capital Corporation***
**United States District Court—Central District of California**
**Case No. 2:18-cv-05008-FMO-AFM**

**SERVICE LIST**

Steven J. Olson
O'Melveny and Myers LLP
400 South Hope Street
Los Angeles, CA 90071-2899
213-430-6000
Fax: 213-430-6407
Email: solson@omm.com

J. Jorge deNeve
O'Melveny and Myers LLP
400 South Hope Street
Los Angeles, CA 90071
213-430-6649
Fax: 213-430-6407
Email: jdeneve@omm.com

*Counsel for Defendants*