# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>RALPH T. IANNELLI and ESSEX CAPITAL CORPORATION,<br><br>　　　　Defendants. | Case No. 2:18-cv-05008-FMO-AFM<br><br>**[PROPOSED] ORDER REGARDING PRELIMINARY INJUNCTION AND APPOINTMENT OF A PERMANENT RECEIVER** |

The Court, having considered the forty-five day report prepared and submitted by the court appointed monitor, Geoff Winkler, on December 5, 2018, any response thereto, and the consent of Plaintiff the Securities and Exchange Commission, Defendant Essex Capital Corporation ("Essex"), and Defendant Ralph T. Iannelli to the entry of this proposed order, hereby finds that:

A. This Court has jurisdiction over the parties to, and the subject matter of, this action; and

B. Good cause exists to warrant the appointment of Geoff Winkler as a Receiver over Defendant Essex and its subsidiaries and affiliates.

## I.

IT IS HEREBY ORDERED that Defendants Essex and Iannelli (collectively, "Defendants"), and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, shall remain preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

A. employing any device, scheme or artifice to defraud;

B. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## II.

IT IS FURTHER ORDERED that Defendants Essex and Iannelli, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those

persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, shall remain preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A. employing any device, scheme or artifice to defraud;

    B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

    in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## III.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Essex and Iannelli, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliate, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, shall remain preliminarily restrained and enjoined from:

    A. directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of any one of the Defendants or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them; or

|   |   |
|---|---|
| 1 | B. from transferring, encumbering dissipating, incurring charges or cash |
| 2 | advances on any debit or credit card of the credit arrangement of |
| 3 | Defendant Essex, or their subsidiaries and affiliates. |

**IV.**

IT IS FURTHER ORDERED that Paragraphs III and 0 shall not apply to the following transactions:

    A. any compensation or funds received by Defendant Iannelli after November 30, 2018, so long as it is in no way related to Essex Capital and its affiliates, or Defendant Iannelli's association or prior control of Essex Capital and its affiliates;

    B. social security payments to Defendant Iannelli; and

    C. subject to the Receiver's approval to lift the freeze on such deposits, any deposits, withdrawals, or payments from the following accounts at Montecito Bank & Trust ("MBT") and Merrill Lynch ("ML"):

        i. Ralph T. Iannelli and Melissa R. Iannelli, MBT Acct. No. xxxxx3331;

        ii. Ralph Iannelli Jr. Family Irrevocable Trust, MBT Acct. No. xxxxx8912;

        iii. Ralph Iannelli Family Irrevocable Trust, MBT Acct. No. xxxxx8920;

        iv. Iannelli Family Irrevocable Trust, MBT Acct. No. xxxxx8939;

        v. Melissa R. Iannelli, ML Acct. No. xxxxx4225;

        or

        vi. Melissa R. Iannelli, ML Acct. No. xxxxx8702.

**V.**

IT IS FURTHER ORDERED that, except as provided in Paragraph IV of this Order or otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets in all accounts at any bank, financial institution or brokerage firm,

or third-payment payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants Essex and Iannelli, including but not limited to the accounts listed below:

| BANK NAME | ACCOUNT NAME | ACCOUNT NO. |
|---|---|---|
| E Trade | Ralph T. Iannelli & Melissa R. Iannelli | xxxxx9733 |
| E Trade | Ralph Thomas Iannelli | xxxxx4415 |
| First Republic Bank | White Bay Essex Leasing | xxxxx1137 |
| First Republic Bank | Cornerstone Essex Leasing Co. LLC | xxxxx1270 |
| First Republic Bank | Essex-Granger LLC | xxxxx1348 |
| First Republic Bank | 1486 East Valley Rd LLC | xxxxx2611 |
| First Republic Bank | Ralph T. Iannelli & Melissa R. Iannelli | xxxxx3593 |
| First Republic Bank | Essex-Granger II LLC | xxxxx7009 |
| First Republic Bank | Cornerstone Essex Leasing Co. II LLC | xxxxx8565 |
| First Republic Bank | Essex Capital Corporation | xxxxx8847 |
| First Republic Bank | Ralph T. Iannelli | xxxxx9049 |
| First Republic Bank | SIU Capital LLC | xxxxx9339 |
| First Republic Securities Company, LLC | Essex Capital Corporation | xxxxx3863 |
| First Republic Securities Company, LLC | Ram Capital Corporation | xxxxx6689 |
| Interactive Brokers | Ralph T. Iannelli & Melissa R. Iannelli | xxxxx8388 |
| Jefferies LLC | Essex Capital Corporation | xxxxx2718 |
| Jefferies LLC | Essex Capital Corporation | xxxxx4748 |
| Merrill Lynch | Essex Capital Corporation | xxxxx2764 |
| Merrill Lynch | BYSE LLC c/o Ralph Iannelli | xxxxx3521 |
| Merrill Lynch | SIU Capital LLC | xxxxx3593 |
| Merrill Lynch | KP Investment Partners | xxxxx3594 |
| Merrill Lynch | KF Leasing Partners LP | xxxxx3665 |
| Merrill Lynch | Ralph T. Iannelli | xxxxx4222 |
| Merrill Lynch | Ralph T. Iannelli & Melissa R. Iannelli | xxxxx4223 |
| Merrill Lynch | Ralph T. Iannelli | xxxxx4224 |

| BANK NAME | ACCOUNT NAME | ACCOUNT NO. |
|---|---|---|
| Merrill Lynch | Melissa R. Iannelli | xxxxx4225 |
| Merrill Lynch | Ralph T. Iannelli and Melissa R. Iannelli | xxxxx4228 |
| Merrill Lynch | Melissa R. Iannelli | xxxxx8702 |
| Montecito Bank & Trust | KF Investment Partners LP | xxxxx1816 |
| Montecito Bank & Trust | Essex Capital Corporation | xxxxx3839 |
| Montecito Bank & Trust | Western Animal Supply LLC | xxxxx3959 |
| Montecito Bank & Trust | Essex Ocean LLC | xxxxx6982 |
| Montecito Bank & Trust | Essex Ocean LLC | xxxxx6990 |
| Montecito Bank & Trust | Essex-Granger LLC | xxxxx7276 |
| Montecito Bank & Trust | Essex-Granger II LLC | xxxxx7283 |
| Montecito Bank & Trust | Essex Capital Corporation | xxxxx7311 |
| Montecito Bank & Trust | 915 Elm Avenue CVL LLC | xxxxx8411 |
| Montecito Bank & Trust | Ralph Iannelli Jr. Family Irrevocable Trust | xxxxx8912 |
| Montecito Bank & Trust | Ralph Iannelli Family Irrevocable Trust | xxxxx8920 |
| Montecito Bank & Trust | Iannelli Family Irrevocable Trust | xxxxx8939 |
| UBS | Essex Capital Corporation | xxxxx70JM |
| Montecito Bank & Trust | KF Leasing Partners LP | xxxxx8947 |

Any bank, financial institution or brokerage firm, or third-party payment processor holding such monies and assets described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court.

**VI.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on the title of the following properties, which shall not be mortgaged, transferred, or otherwise hypothecated:

| LISTED OWNER | ADDRESS |
|---|---|
| Ralph T. Iannelli | 266 Penny Lane, Santa Barbara, CA 93108 |
| Ralph T. Iannelli | 257 Central Park West, Apt. 4C, New York, NY 10024 |
| Ralph T. Iannelli | 915 Elm Avenue, Carpinteria, CA 93013 |

**VII.**

IT IS FURTHER ORDERED that, within ten days from the date of this Order, Defendants, any bank, financial institution or brokerage firm, and each of them, shall transfer to the Receiver assets, funds and other property held in foreign locations in the name of any Defendant, or for the benefit or under the direct or indirect control of any of them, or over which any of them exercises control or signatory authority.

**VIII.**

IT IS FURTHER ORDERED that Defendants, within five days of the issuance of this Order, shall, to the extent it has no previously been provided, prepare and deliver to the SEC a detailed and complete schedule of all of their personal assets, including all real and personal property exceeding $10,000 in value, and all bank, securities, and other accounts identified by institution, branch address and account number. The accounting shall include a description of the sources of all such assets. Such accounting shall be delivered to the SEC to the attention of Gary Leung and Doug Miller, counsel for the SEC. After completion of the accounting, each of the Defendants shall produce to the SEC at a time agreeable to the SEC, all books, records and other documents supporting or underlying their accounting.

**IX.**

IT IS FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses or controls assets exceeding $5,000 for the account or benefit of any one of the Defendants, shall within 5 days of receiving actual notice of this Order provide counsel for the SEC with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held.

**X.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants Essex and Iannelli, and their officers, agents, servants,

employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, shall remain preliminarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendant Essex.

## XI.

IT IS FURTHER ORDERED that Geoff Winkler is appointed as Receiver of Defendant Essex and its subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of Defendant Essex and its subsidiaries and affiliates, and that such Receiver is immediately authorized, empowered and directed:

    A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, pledged as collateral, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by Defendant Essex and its subsidiaries and affiliates (collectively, the "Assets"), with full power to sue, foreclose, marshal, collect, receive, and take into possession all such Assets (including access to and taking custody, control, and possession of all such Assets);

    B.    to assume full control of Defendant Essex by removing, as the Receiver

deems necessary or advisable, any director, officer, attorney, independent contractor, employee, or agent of any of Defendant Essex and its subsidiaries and affiliates, including any named Defendant, from control of, management of, or participation in, the affairs of Defendant Essex;

C. to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm (including any futures commission merchant) which has possession, custody or control of any Assets, or which maintains accounts over which Defendant Essex, and its subsidiaries and affiliates, and/or any of its employees or agents have signatory authority;

D. to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of or managed by Defendant Essex and its subsidiaries and affiliates, and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

E. to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any Assets;

F. to choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

G. to make an accounting, as soon as practicable, to this Court and the SEC of the assets and financial condition of Defendant Essex and to file the accounting with the Court and deliver copies thereof to all parties;

H. to make such payments and disbursements from the Assets taken into

|   |   |   |
|---|---|---|
| 1 | | custody, control, and possession or thereafter received by him or her, |
| 2 | | and to incur, or authorize the making of, such agreements as may be |
| 3 | | necessary and advisable in discharging his or her duties as Receiver; |
| 4 | I. | to investigate and, where appropriate, to institute, pursue, and prosecute |
| 5 | | all claims and causes of action of whatever kind and nature that may |
| 6 | | now or hereafter exist as a result of the activities of present or past |
| 7 | | employees or agents of Defendant Essex, and its subsidiaries and |
| 8 | | affiliates; |
| 9 | J. | to institute, compromise, adjust, appear in, intervene in, or become party |
| 10 | | to such actions or proceedings in state, federal, or foreign courts, which |
| 11 | | (i) the Receiver deems necessary and advisable to preserve or recover |
| 12 | | any Assets, or (ii) the Receiver deems necessary and advisable to carry |
| 13 | | out the Receiver's mandate under this Order; and |
| 14 | K. | to have access to and monitor all mail, electronic mail, and video phone |
| 15 | | of the entities in receivership in order to review such mail, electronic |
| 16 | | mail, and video phone which he or she deems relates to their business |
| 17 | | and the discharging of his or her duties as Receiver.  The Receiver shall |
| 18 | | be authorized to review any communications between Defendant Essex |
| 19 | | and its counsel in this action.  Should a dispute arise over the Receiver's |
| 20 | | authority to review or disclose any of Defendants' communications with |
| 21 | | counsel, the Receiver or the parties may petition the Court after making |
| 22 | | good faith efforts to resolve the dispute. |

### XII.

IT IS FURTHER ORDERED that Defendant Essex and its subsidiaries and affiliates, including all of the other entities in receivership, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give

access to and control of such property to the Receiver.

**XIII.**

IT IS FURTHER ORDERED that no officer, agent, servant, employee or attorney of Defendant Essex shall take any action or purport to take any action, in the name of or on behalf of Defendant Essex without the written consent of the Receiver or order of this Court.

**XIV.**

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors and all other persons or entities seeking relief of any kind, in law or in equity, from Defendant Iannelli, Defendant Essex, or its subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group or other person, including sheriffs, marshals, servants, agents, employees and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

    A.    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the SEC or any other action by the government) against any of them;

    B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of Defendant Iannelli or Defendant Essex; and

    C.    doing any act or thing whatsoever to interfere with taking control, possession or management by the Receiver appointed hereunder of the property and assets owned, controlled or managed by or in the

| | |
|---|---|
| 1 | possession of Defendant Iannelli or Defendant Essex, or in any way to |
| 2 | interfere with or harass the Receiver or his or her attorneys, accountants, |
| 3 | employees, or agents or to interfere in any manner with the discharge of |
| 4 | the Receiver's duties and responsibilities hereunder. |

**XV.**

IT IS FURTHER ORDERED that Defendant Essex, and its subsidiaries, affiliates, officers, agents, servants, employees and attorneys, shall cooperate with and assist the Receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver or his or her attorneys, accountants, employees or agents, in the conduct of the Receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the Receiver of the funds, assets, collateral, premises, and choses in action described above.

**XVI.**

IT IS FURTHER ORDERED that Defendant Essex, and its subsidiaries and affiliates, shall pay the costs, fees and expenses of the Receiver incurred in connection with the performance of his or her duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the Receiver to assist him or her in carrying out his or her duties and obligations. All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

**XVII.**

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the Receiver. Except for an act of gross negligence, the Receiver shall not be liable for any loss or damage incurred by any of the defendants, their

officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the Receiver in connection with the discharge of his or her duties and responsibilities.

## XVIII.

IT IS FURTHER ORDERED that representatives of the SEC is authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Defendant Essex, and the other entities in receivership, and continuing access to inspect their funds, property, assets and collateral, wherever located.

## XIX.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

The Receiver is reminded that he is "an officer of the court and not an arm of the SEC[,]" S.E.C. v. Schooler, 2015 WL 1510949, *3 (S.D. Cal. 2015) (internal quotation marks omitted), and has been "appointed on behalf and for the benefit of all the parties having an interest in the property, not for the plaintiff or defendant[s] alone." S.E.C. v. Private Equity Management Group, Inc., 2009 WL 2019747, *2 (C.D. Cal. 2009) (internal quotation marks omitted).

IT IS SO ORDERED.

Dated: December 21, 2018 \_\_\_\_ /s/ _____

**HON. FERNANDO M. OLGUIN**
Judge of the District Court