1   GARY Y. LEUNG (Cal. Bar No. 302928)
    Email:  leungg@sec.gov
2   DOUGLAS M. MILLER (Cal. Bar No. 240398)
    Email:  millerdou@sec.gov
3   YOLANDA OCHOA (Cal. Bar No. 267993)

4   Attorneys for Plaintiff
    Securities and Exchange Commission
5   Michele Wein Layne, Regional Director
    Alka N. Patel, Associate Regional Director
6   Amy J. Longo, Regional Trial Counsel
    444 S. Flower Street, Suite 900
7   Los Angeles, California 90071
    Telephone: (323) 965-3998
8   Facsimile: (213) 443-1904

9                        **UNITED STATES DISTRICT COURT**

10                       **CENTRAL DISTRICT OF CALIFORNIA**

11                                **Western Division**

12

13   SECURITIES AND EXCHANGE            Case No.  2:18-cv-05008-FMO-AFM
     COMMISSION,
14                                       **CONSENT OF DEFENDANT ESSEX**
                  Plaintiff,             **CAPITAL CORPORATION**
15
            vs.
16
     RALPH T. IANNELLI and ESSEX
17   CAPITAL CORPORATION,

18                Defendants.

19

20

21

22

23

24

25

26

27

28

1. Defendant Essex Capital Corporation acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things:

    (a)    permanently restrains and enjoins Defendant from violations of: Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], and Section 10(b) of the Exchange Act [15 U.S.C. §§ 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5];

    (b)    orders Defendant to pay disgorgement in an amount to be determined by the Court upon motion of the Commission, along with prejudgment interest thereon; and

    (c)    orders Defendant to pay a civil penalty in an amount to be determined by the Court upon motion of the Commission.

3. Defendant acknowledges that any civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that it shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that it shall, within 30 days after entry of a final order granting the

Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4.     Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.     Defendant agrees that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains, prejudgment interest thereon and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and if so, the amount(s) of the disgorgement and/or civil penalty. The Defendant further understands that, if disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from March 1, 2017, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from

1 arguing that it did not violate the federal securities laws as alleged in the Complaint;
2 (b) Defendant may not challenge the validity of this Consent or the Judgment; (c)
3 solely for the purposes of such motion, the allegations of the Complaint shall be
4 accepted as and deemed true by the Court; and (d) the Court may determine the issues
5 raised in the motion on the basis of affidavits, declarations, excerpts of sworn
6 deposition or investigative testimony, and documentary evidence, without regard to
7 the standards for summary judgment contained in Rule 56(c) of the Federal Rules of
8 Civil Procedure.   In connection with the Commission's motion for disgorgement
9 and/or civil penalties, the parties may take discovery, including discovery from
10 appropriate non-parties.
11    6.    Defendant waives the entry of findings of fact and conclusions of law
12 pursuant to Rule 52 of the Federal Rules of Civil Procedure.
13    7.    Defendant waives the right, if any, to a jury trial and to appeal from the
14 entry of the Final Judgment.
15    8.    Defendant enters into this Consent voluntarily and represents that no
16 threats, offers, promises, or inducements of any kind have been made by the
17 Commission or any member, officer, employee, agent, or representative of the
18 Commission to induce Defendant to enter into this Consent.
19    9.    Defendant agrees that this Consent shall be incorporated into the
20 Judgment with the same force and effect as if fully set forth therein.
21    10.    Defendant will not oppose the enforcement of the Judgment on the
22 ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of
23 Civil Procedure, and hereby waives any objection based thereon.
24    11.    Defendant waives service of the Judgment and agrees that entry of the
25 Judgment by the Court and filing with the Clerk of the Court will constitute notice to
26 Defendant of its terms and conditions.  Defendant further agrees to provide counsel
27 for the Commission, within thirty days after the Judgment is filed with the Clerk of
28 the Court, with an affidavit or declaration stating that Defendant has received and

1   read a copy of the Judgment.

2       12.   Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims

3   asserted against Defendant in this civil proceeding.  Defendant acknowledges that no

4   promise or representation has been made by the Commission or any member, officer,

5   employee, agent, or representative of the Commission with regard to any criminal

6   liability that may have arisen or may arise from the facts underlying this action or

7   immunity from any such criminal liability.  Defendant waives any claim of Double

8   Jeopardy based upon the settlement of this proceeding, including the imposition of

9   any remedy or civil penalty herein.  Defendant further acknowledges that the Court's

10  entry of a permanent injunction may have collateral consequences under federal or

11  state law and the rules and regulations of self-regulatory organizations, licensing

12  boards, and other regulatory organizations.  Such collateral consequences include, but

13  are not limited to, a statutory disqualification with respect to membership or

14  participation in, or association with a member of, a self-regulatory organization.  This

15  statutory disqualification has consequences that are separate from any sanction

16  imposed in an administrative proceeding.  In addition, in any disciplinary proceeding

17  before the Commission based on the entry of the injunction in this action, Defendant

18  understands that it shall not be permitted to contest the factual allegations of the

19  complaint in this action.

20      13.   Defendant understands and agrees to comply with the terms of 17 C.F.R.

21  § 202.5(e), which provides in part that it is the Commission's policy "not to permit a

22  defendant or respondent to consent to a judgment or order that imposes a sanction

23  while denying the allegations in the complaint or order for proceedings," and "a

24  refusal to admit the allegations is equivalent to a denial, unless the defendant or

25  respondent states that he neither admits nor denies the allegations."  As part of

26  Defendant's agreement to comply with the terms of Section 202.5(e),  Defendant: (i)

27  will not take any action or make or permit to be made any public statement denying,

28  directly or indirectly, any allegation in the complaint or creating the impression that

the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

15.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil

Procedure and any applicable local rules, provided that the party requesting the

testimony reimburses Defendant's travel, lodging, and subsistence expenses at the

then-prevailing U.S. Government per diem rates; and (v) consents to personal

jurisdiction over Defendant in any United States District Court for purposes of

enforcing any such subpoena.

16.    Defendant agrees that the Commission may present the Judgment to the

Court for signature and entry without further notice.

17.    Defendant agrees that this Court shall retain jurisdiction over this matter

for the purpose of enforcing the terms of the Judgment.

Dated: _8/13/19_____

ESSEX CAPITAL CORPORATION

By: _____
*Court-appointed Receiver over Defendant
Essex Capital Corporation*
Geoff Winkler
Managing Director
Alvarez & Marsal, LLC
425 Market Street, 18th Floor, San Francisco,
CA 94105

On _Aug 13_, 2019, _Geoff Winkler_, a person
known to me, personally appeared before me and acknowledged executing the
foregoing Consent with full authority to do so on behalf of _Essex Capital_ as its
_Receiver_.

_____
Notary Public
Commission expires: _June 4, 2022_

Approved as to form:

> OFFICIAL STAMP
> NICOLE MARIE OLIVER
> NOTARY PUBLIC - OREGON
> COMMISSION NO. 974718
> MY COMMISSION EXPIRES JUNE 04, 2022

Joshua A. del Castillo
Allen Matkins Leck Gamble Mallory & Natsis LLP
865 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-2543
*Counsel for Court-appointed Receiver*

# **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action.  My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On August 13, 2019, I caused to be served the document entitled **CONSENT OF DEFENDANT ESSEX CAPITAL CORPORATION** on all the parties to this action addressed as stated on the attached service list:

☐     **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐     **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐     **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐     **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐     **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐     **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒     **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐     **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  August 13, 2019

*/s/ Gary Y. Leung*
GARY Y. LEUNG

***SEC v. Iannelli, et al.***
**United States District Court—Central District of California**
**Case No. 18-cv-005008-FMO**

## SERVICE LIST

Steven J. Olson
J. Jorge deNeve
Kyle Grossman
solson@omm.com
jdeneve@omm.com
kgrossman@omm.com
O'Melveny & Myers LLP
400 South Hope Street, 18th Floor
Los Angeles, CA  90071
*Counsel for Defendants*

Joshua A. del Castillo
Allen Matkins Leck Gamble Mallory & Natsis LLP
865 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-2543
jdelcastillo@allenmatkins.com
*Counsel for Court-appointed Receiver Geoff Winkler*