**FILED**
CLERK, U.S. DISTRICT COURT

9/9/2019

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RALPH T. IANNELLI and ESSEX CAPITAL CORP.,<br><br>　　　　　Defendants. | Case No. 2:18-cv-05008-FMO-AFM<br><br>ORDER REGARDING PERMANENT INJUNCTION<br><br>Ctrm:　6D<br>Judge Hon. Fernando M. Olguin |

## <u>ORDER REGARDING PERMANENT INJUNCTION</u>

WHEREFORE, the Court having and retaining jurisdiction over Defendants Ralph T. Iannelli and Essex Capital Corporation ("Essex") and the subject matter hereof; the Court having entered a December 21, 2018 Order Regarding Preliminary Injunction and Appointment of a Permanent Receiver appointing Geoff Winkler (as the permanent receiver for Essex and all of its subsidiaries and affiliates [Dkt. No. 66]); Defendant Iannelli having consent to the Court's entry of a June 5, 2019 final judgment against him [Dkt. No. 93]; and Essex since having consented to the entry of judgment against it; and Plaintiff Securities and Exchange Commission

("SEC") having submitted a proposed final judgment to the Court, the Court hereby ORDERS as follows:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, except as otherwise ordered by this Court, until such time as this Court terminates the receivership established in this action and discharges the Receiver, Defendants Iannelli and Essex, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliate, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, shall remain permanently restrained and enjoined from:

A. directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of any one of the Defendants or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them on or before December 21, 2018; or

B. from transferring, encumbering dissipating, incurring charges or cash advances on any debit or credit card of the credit arrangement of Defendant Essex, or its subsidiaries and affiliates.

## II.

IT IS FURTHER ORDERED that Paragraph I and III shall not apply to the following transactions:

A. any compensation or funds received by Defendant Iannelli after November 30, 2018, so long as it is in no way related to Essex and its subsidiaries and affiliates, or Defendant Iannelli's association or prior control of Essex and its subsidiaries and affiliates;

1    B.    social security payments to Defendant Iannelli; and

2    C.    any deposits, withdrawals, or payments from the following

3    accounts at Montecito Bank & Trust ("MBT") and Merrill Lynch ("ML"):

4              i.    Ralph T. Iannelli and Melissa R. Iannelli, MBT Acct.

5    No. xxxxx3331;

6              ii.    Ralph Iannelli Jr. Family Irrevocable Trust, MBT Acct.

7    No. xxxxx8912;

8              iii.    Ralph Iannelli Family Irrevocable Trust, MBT Acct.

9    No. xxxxx8920;

10             iv.    Iannelli    Family    Irrevocable    Trust,    MBT    Acct.

11   No. xxxxx8939;

12             v.    Melissa R. Iannelli, ML Acct. No. xxxx4225;

13             or

14   vi.    Melissa R. Iannelli, ML Acct. No. xxxxx8702

15                                    **III.**

16       IT IS FURTHER ORDERED that, except as provided in Paragraph II, above,

17   or as otherwise ordered by this Court, until such time as this Court terminates the

18   receivership established in this action and discharges the Receiver, the freeze

19   previously imposed by this Court on all monies and assets in all accounts at any

20   bank, financial institution or brokerage firm, or third-party payment processor, all

21   certificates of deposit, and other funds or assets, held in the name of, for the benefit

22   of, or over which account authority was held by Defendants Iannelli and Essex on or

23   before the entry of the December 21, 2018 Order Regarding Preliminary Injunction

24   and Appointment of a Permanent Receiver (the "Appointment Order") [Dkt.

25   No. 66], shall remain in full force and effect.

26                                    **IV.**

27       IT IS FURTHER ORDERED that, except as otherwise ordered by this Court,

28   until such time as this Court terminates the receivership established in this action

and discharges the Receiver, the asset freeze imposed by the Appointment Order on the title of the following properties, which shall not be mortgaged, transferred, or otherwise hypothecated, shall remain in full force and effect:

| LISTED OWNER | ADDRESS |
| --- | --- |
| Ralph T. Iannelli | 266 Penny Lane, Santa Barbara, CA 93108 |
| Ralph T. Iannelli | 257 Central Park West, Apt. 4C, New York, NY 10024 |
| Ralph T. Iannelli | 915 Elm Avenue, Carpinteria, CA 93013 |

**V.**

IT IS FURTHER ORDERED that, unless otherwise ordered by this Court, at the Receiver's request, Defendants, any bank, financial institution or brokerage firm, and each of them, shall transfer to the Receiver assets, funds, and other property held in foreign locations in the name of any Defendant, or for the benefit or under the direct or indirect control of any of them, or over which any of them exercises control or signatory authority.

**VI.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, until such time as this Court terminates the receivership established in this action and discharges the Receiver, each of the Defendants Essex and Iannelli, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, shall remain restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise),

pertaining in any manner to Defendant Essex and its subsidiaries and affiliates (collectively, the "Receivership Entities").

**VII.**

IT IS FURTHER ORDERED that, until such time as this Court terminates the receivership established in the above-entitled action and discharges the Receiver, Geoff Winkler shall remain appointed as the permanent receiver for Defendant Essex and its subsidiaries and affiliates (again, collectively, the "Receivership Entities"), with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of the Receivership Entities, and that the Receiver is immediately authorized, empowered and directed:

      A.     to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, pledged as collateral, occupied, or otherwise controlled), choses in action, books, records, papers, and other real or personal property, wherever located, of or managed by the Receivership Entities (collectively, the "Assets"), with full power to sue, foreclose, marshal, collect, receive, and take into possession all such Assets (including access to and taking custody, control, and possession of all such Assets);

      B.     to assume full control of the Receivership Entities by removing, as the Receiver deems necessary or advisable, any director, officer, attorney, independent contractor, employee, custodian, or agent of any of the Receivership Entities, including any named Defendant, from control of, management of, or participation in, the affairs of the Receivership Entities;

      C.     to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, including all

accounts at any bank, title company, escrow agent, financial institution or brokerage firm (including any futures commission merchant) which has possession, custody or control of any Assets, or which maintains accounts over which the Receivership Entities and/or any of their employees or agents have signatory authority;

D.      to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of or managed by the Receivership Entities, and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

E.      to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any Assets;

F.      to choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by the Appointment Order and this Order;

G.      to make an accounting, as soon as practicable, to this Court and the SEC, of the assets and financial condition of the Receivership Entities, and to file the accounting with the Court and deliver copies thereof to all parties;

H.      to make such payments and disbursements from the Assets taken into custody, control, and possession or thereafter received by him, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his duties as Receiver;

I.      to investigate and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature that

may now or hereafter exist as a result of the activities of present or past employees or agents of the Receivership Entities;

        J.     to institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts, which (i) the Receiver deems necessary and advisable to preserve or recover any Assets, or (ii) the Receiver deems necessary and advisable to carry out the Receiver's mandate under the Appointment Order and this Order; and

        K.     to have access to and monitor all mail, electronic mail, and video phone of the entities in receivership in order to review such mail, electronic mail, and video phone which he or she deems relates to their business and the discharging of his duties as Receiver. The Receiver shall be authorized to review any communications between Essex and its counsel in this action. Should a dispute arise over the Receiver's authority to review or disclose any of Defendants' communications with counsel, the Receiver or the parties may petition the Court after making good faith efforts to resolve the dispute.

## VIII.

IT IS FURTHER ORDERED that the Receivership Entities, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership shall forthwith give access to and control of such property to the Receiver.

## IX.

IT IS FURTHER ORDERED that no officer, agent, servant, employee or attorney of the Receivership Entities shall take any action or purport to take any action, in the name of or on behalf of the Receivership Entities without the written consent of the Receiver or order of this Court.

## X.

1    IT IS FURTHER ORDERED that, except by leave of this Court, during the

2 pendency of the receivership established in the above-entitled action, all clients,

3 investors, trust beneficiaries, note holders, creditors, claimants, lessors and all other

4 persons or entities seeking relief of any kind, in law or in equity, from Defendant

5 Iannelli or the Receivership Entities, and all persons acting on behalf of any such

6 investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group or

7 other person, including sheriffs, marshals, servants, agents, employees and

8 attorneys, are hereby restrained and enjoined from, directly or indirectly, with

9 respect to these persons and entities:

10         A.     commencing, prosecuting, continuing or enforcing any suit or

11         proceeding (other than the above-entitled action by the SEC or any other

12         action by the government) against any of them;

13         B.     using self-help or executing or issuing or causing the execution

14         or issuance of any court attachment, subpoena, replevin, execution or other

15         process for the purpose of impounding or taking possession of or interfering

16         with or creating or enforcing a lien upon any property or property interests

17         owned by or in the possession of Defendant Iannelli or the Receivership

18         Entities; and

19         C.     doing any act or thing whatsoever to interfere with taking

20         control, possession or management by the Receiver appointed hereunder of

21         the property and assets owned, controlled or managed by or in the possession

22         of Defendant Iannelli or Defendant Essex or in any way to interfere with or

23         harass the Receiver or his or her attorneys, accountants, employees, or agents

24         or to interfere in any manner with the discharge of the Receiver's duties and

25         responsibilities hereunder.

26                                    **XI.**

27    IT IS FURTHER ORDERED that the Receivership Entities and their officers,

28 agents, servants, employees and attorneys, shall cooperate with and assist the

Receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver or his attorneys, accountants, employees or agents, in the conduct of the Receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the Receiver of the funds, assets, collateral, premises, and choses in action described above.

**XII.**

IT IS FURTHER ORDERED that the Receivership Entities, shall pay the costs, fees and expenses of the Receiver incurred in connection with the performance of his or her duties described in the Appointment Order and this Order, including the costs, fees and expenses of those persons who may be engaged or employed by the Receiver to assist him in carrying out his duties and obligations.

All applications for costs, fees, and expenses for services rendered in connection with the receivership, other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

**XVIII.**

IT IS FURTHER ORDERED that, as initially established in the Appointment Order, no bond shall be required in connection with the appointment of the Receiver.  Except for an act of gross negligence, the Receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the Receiver in connection with the discharge of his duties and responsibilities.

**XIV.**

IT IS FURTHER ORDERED that representatives of the SEC are authorized to have continuing access to inspect or copy any or all of the corporate books and

records and other documents of the Receivership Entities, and continuing access to inspect their funds, property, assets and collateral, wherever located.

## XV.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein, including, but not limited to, with respect to the Receiver's ongoing administration of the receivership, the Receivership Entities, and their Assets, and to entertain any suitable application or motion for additional relief, or modification of the orders of this Court, until such time as, on motion of the Receiver, the Court terminates the instant receivership and discharges the Receiver.

**SO ORDERED.**

Dated:  September 9, 2019

/s/

Hon. Fernando M. Olguin
Judge, United States District Court