UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RALPH T. IANNELLI and ESSEX CAPITAL CORP.,<br><br>Defendants. | Case No. 2:18-cv-05008-FMO-AFM<br><br>ORDER GRANTING MOTION OF RECEIVER, GEOFF WINKLER, FOR AUTHORITY TO ESTABLISH DISGORGEMENT PROCEDURES AND UNDERTAKE DISGORGEMENT EFFORTS [190]<br><br>Ctrm: 6D<br>Judge Hon. Fernando M. Olguin |

## ORDER

Before the Court is the Motion of Receiver, Geoff Winkler, for Authority to Establish Disgorgement Procedures and Undertake Disgorgement Efforts (the "Motion"), filed by Geoff Winkler (the "Receiver"), the Court-appointed permanent receiver for Defendant Essex Capital Corporation and its subsidiaries and affiliates (collectively, the "Receivership Entities" or "Entities").

The Motion having been considered, and good cause appearing therefor, this Court orders as follows:

1. The Motion is granted, in its entirety;

2. The proposed procedures set forth in the Motion are approved as follows:

1222284.01/LA

## I. **SETTLEMENTS.**

A. The Receiver shall be authorized to pursue the recovery of profits ("Profit Amounts") from those Receivership Entity investors who were paid more than the aggregate amounts they invested in the Entities ("Net Winners"). To that end, the Receiver shall provide Net Winners with an opportunity and incentive to settle claims for the recovery of Profit Amounts prior to incurring the cost and time associated with litigation. Specifically, the Receiver shall send demand letters to all Net Winners whom he has determined to pursue for reimbursement of Profit Amounts, which correspondence shall: (a) identify the Receiver's calculation of the Net Winner's Profit Amount; (b) state the Receiver's intention to pursue litigation against the Net Winner to recover the Profit Amount, along with a brief description of the basis for his claims; and (c) offer to settle the Receiver's claims for a discounted amount prior to the commencement of litigation for 60% of the Profit Amount, if payment is made in a lump sum, and within ninety (90) days of demand, or 67.5% of the Profit Amount, if payment is made over time, not to exceed twelve (12) months, in monthly installments, from the demand. The Receiver's demand letter shall also advise that such preliminary offers to settle shall expire sixty (60) days after the transmittal date of the letter. The Receiver shall have discretion to fashion settlement agreements and releases as he deems appropriate, in his reasonable business judgment.

B. In order to accept any pre-litigation settlement offer by the Receiver, a Net Winner must: (a) confirm, in writing within sixty (60) days of the transmittal of the Receiver's demand letter, his or her intent to settle; (b) execute a settlement agreement with the Receiver, along with a stipulated judgment in the amount of his or her total Profit Amount (to be provided by the Receiver), and return both the executed settlement agreement and stipulated judgment to the Receiver within one hundred and five (105) days of the transmittal of the Receiver's initial demand letter.

Settlement agreements executed in accordance with these procedures will be effective immediately, without further Court approval.

    C.    Stipulated judgments will be held by the Receiver and not filed with the Court or otherwise sought to be enforced, provided a settling Net Winner timely makes all payments required under the applicable settlement agreement. If a settling Net Winner defaults on any payment, or otherwise fails to timely make all required payments, and does not cure such default within ten (10) calendar days of such default, the Receiver, in his sole discretion, may file a complaint in this Court against the Net Winner together with the stipulated judgment, and promptly request entry of the stipulated judgment.

    D.    In the event that the Receiver's initial settlement offer lapses, either by failure of a Net Winner to respond or otherwise, the Receiver, in his sole discretion and exercising his reasonable business judgment, may file a complaint in this Court against any Net Winner, subject to the litigation procedures described below. In the event that a Net Winner seeks to settle with the Receiver after a complaint is filed, but before litigation is concluded, the 60% and 67.5% settlement thresholds above shall be raised to 80% and 90%, respectively, as must be stated in the Receiver's demand letter.

## II.    LITIGATION.

    E.    In the event that the Receiver's initial settlement offer lapses, either by failure of a Net Winner to respond or otherwise, then the Receiver may file a complaint against the Net Winner, without further order of the Court, to initiate litigation against the Net Winner.

    F.    In order to minimize the administrative expenses associated with any claims by the Receiver against Net Winners, and to maximize judicial efficiency, all actions relating to such claims shall be prosecuted in this Court, which may exercise ancillary and supplemental jurisdiction over such claims pursuant to 28 U.S.C. §§ 1345 and 1367(a). Accordingly, in connection with the filing of any action

1  against a Net Winner in this Court, the Receiver shall promptly file a notice of
2  related action with each complaint, in compliance with L.R. 83-1.3.1.
3        G.    This Court shall retain jurisdiction over the above-entitled action,
4  including in connection with the receivership created pursuant to the Order
5  Regarding Preliminary Injunction and Appointment of a Permanent Receiver (ECF
6  No. 66) and reaffirmed by the Order Regarding Permanent Injunction (ECF
7  No. 113), and with respect to any disputes or other matters that arise in connection
8  with this Order.
9        Effective immediately upon the entry of this Order, the Receiver is authorized
10 to commence his disgorgement and recovery efforts, as set forth in the Motion and
11 herein.

**SO ORDERED.**

Dated: November 12, 2020

/s/
Hon. Fernando M. Olguin
Judge, United States District Court