UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>RALPH T. IANNELLI and ESSEX CAPITAL CORP.,<br><br>　　　　　Defendants. | Case No. 2:18-cv-05008-FMO-AJR<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER BETWEEN RECEIVER AND THE BANK OF NEW YORK MELLON |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4889-3625-4638.2

# 1. GENERAL

1.1 <u>Purposes and Limitations</u>. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation (or any related or ancillary proceedings) may be warranted. Accordingly, Geoff Winkler (the "<u>Receiver</u>"), the Court-appointed receiver, on the one hand, and The Bank of New York Mellon ("<u>BNYM</u>"), on the other hand, hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (this "<u>Order</u>"). The Receiver and BNYM acknowledge that this Order does not confer blanket protections on all information disclosed or produced by BNYM in response to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Receiver and BNYM further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.2 <u>Good Cause Statement</u>. On December 21, 2018, the Receiver was appointed by the Court in this action as the permanent receiver for defendant Essex Capital Corporation ("<u>Essex</u>") and its subsidiaries and affiliates (collectively, with Essex, the "<u>Receivership Entities</u>") pursuant to the *Order Regarding Preliminary Injunction and Appointment of a Permanent Receiver* (the "<u>Appointment Order</u>"). <u>See</u> ECF No. 66. Pursuant to the Appointment Order, the Receiver was vested with exclusive authority and control over the Receivership Entities and their assets (the "<u>Receivership Assets</u>"). On September 9, 2019, the Court entered the *Order Regarding Permanent Injunction* (the "<u>Preliminary Injunction</u>"), which reaffirmed the authority initially conveyed upon the Receiver under the Appointment Order. <u>See</u> ECF No. 113. Among other things, the Appointment Order and Permanent

Injunction authorized, empowered, and directed the Receiver to take such actions that he deems necessary and advisable to preserve or recover any Receivership Assets, including pursuing the recovery of any Receivership Assets that were fraudulently transferred to third parties via litigation or otherwise.  As part of his investigation into such potential transfers, the Receiver issued a subpoena to Pershing, LLC ("Pershing"), a subsidiary of BNYM, for records relating to a Pershing account.  While BNYM intends to comply with the subpoena and produce responsive documents, BNYM has requested that a protective order be entered to ensure that sensitive customer information is not publicly disclosed or used for any purpose other than in connection with this receivership.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Receiver is permitted reasonable necessary uses of such material in the performance of his duties as receiver, to address their handling at the end of the receivership, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of BNYM that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.    DEFINITIONS**

    2.1    Action:  this pending federal action (including the receivership arising out of this action).

    2.2    Challenging Party:  a Receiving Party that challenges a Designating Party's designation of information or items under this Order.

    2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for

protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Designating Party:  a Producing Party that designates information or items that it produces in responses to discovery as "CONFIDENTIAL."

2.6 Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in responses to discovery in this matter.

2.7 Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action (or any related or ancillary proceedings).

2.8 House Counsel:  attorneys who are employees of a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 **[DELETED]**

2.10 Outside Counsel of Record:  attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this Action (or any related or ancillary proceeding) on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

2.11 Party:  a Producing Party or Receiving Party, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 Producing Party:  BNYM and its subsidiaries and affiliates, including Pershing.

2.13 Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14  Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" under this Order; provided, however, that notwithstanding the foregoing, Protected Material does not include the following information relating to a transaction reflected on an account statement or other financial record produced by a Producing Party: (a) the identities of the parties to the transaction (e.g., the payor and payee), (b) the names and addresses of the financial institutions, along with the last four digits of the applicable accounts, facilitating the transaction (e.g., the payor's and payee's financial institutions), (c) the date of the transaction, (d) the amount or value of the transaction, (e) any identifying number for the transaction, and (f) any other information regarding the transaction that does not otherwise disclose personal identifying information of the payor or payee.

2.15  Receiving Party:  The Receiver.

## 3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

## 4. DURATION

Even after the final discharge of the Receiver as the receiver, the confidentiality obligations imposed on the Receiving Party by this Order for the

benefit of a Designating Party shall remain in effect unless otherwise waived in writing by the Designating Party, or ordered by the Court.

## 5. DESIGNATING PROTECTED MATERIAL

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Designating Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify the Receiving Party that it is withdrawing the inapplicable designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (<u>see, e.g.</u>, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

      (a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

      A Producing Party that makes original documents available for inspection need not designate them for protection until after the inspecting Receiving Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Receiving Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

      (b)  for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition.

      (c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  The Receiving Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, et seq.  Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

6.3     Burden.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by a Producing Party in connection with this Action (or any related or ancillary proceedings) only for prosecuting, defending, or attempting to settle the litigation therein, or otherwise in the performance of the Receiver's duties

as the receiver, including, without limitations, in connection with the investigation and prosecution of clawback actions against third parties to recover any Receivership Assets. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Receiver has been discharged as the receiver, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     **Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action (or any related or ancillary proceedings), as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action (or any related or ancillary proceedings);

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action (or any related or ancillary proceedings);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action (or any related or ancillary proceedings) and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action (or any related

or ancillary proceedings) and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (h)  during their depositions, witnesses, and attorneys for witnesses, in the Action (or any related or ancillary proceedings) to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

    (i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 8.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If the Receiving Party is served with a subpoena or a court order issued in other litigation (including any proceeding related or ancillary to this Action) that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," the Receiving Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

**9.     [DELETED]**
         **[DELETED]**

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to the Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection,

the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the Court.

## 12. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3 <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 13. FINAL DISPOSITION

After the final discharge of the Receiver as the receiver, within 60 days of a written request by the Designating Party, the Receiving Party must return all

Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

**14.   VIOLATION OF ORDER**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED.

| | | |
|---|---|---|
| 1 | Dated: April 3, 2024 | ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP |
| 2 | | DAVID R. ZARO |
| 3 | | JOSHUA A. DEL CASTILLO<br>MATTHEW D. PHAM |
| 4 | | |
| 5 | | By: /s/ Matthew D. Pham<br>MATTHEW D. PHAM |
| 6 | | Attorneys for Receiver<br>GEOFF WINKLER |
| 7 | | |
| 8 | Dated: April 3, 2024 | THE BANK OF NEW YORK MELLON<br>VIRGINIA C. PALITZ |
| 9 | | |
| 10 | | By: *Virginia C. Palitz* |
| 11 | | VIRGINIA C. PALITZ<br>Attorney for Non-Party |
| 12 | | THE BANK OF NEW YORK MELLON |

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: 4/3/24

*Joel Richlin*

HON A. JOEL RICHLIN
United States Magistrate Judge